Q1S5ferP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

           v.                                26 Cr. 31 (CM)(HR)

CHRISTOPHER B. FERGUSON,

                 Defendant.

-------------------------------x

                                             January 28, 2026
                                             10:10 a.m.


Before:

                    HON. HENRY RICARDO,

                                        U.S. Magistrate Judge


                         APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
BY:  NICHOLAS W. CHIUCHIOLO
     Assistant United States Attorney

PAUL HASTINGS, LLP
     Attorneys for Defendant
BY:  BRADLEY J. BONDI

Q1S5ferP

(Case called)

THE DEPUTY CLERK:  Beginning with attorneys counsel for the government please state your name for the record.

MR. CHIUCHIOLO:  Good morning, your Honor, Nick Chiuchiolo on behalf of the United States.  I am joined by Special Agent Joe Kim of the Federal Bureau of Investigation.

THE COURT:  Good morning.

MR. BONDI:  Good morning, your Honor.  Brad Bondi of Paul Hastings, joined by our client Christopher Ferguson.  I am admitted, your Honor, but with your permission, I would like for my junior associate, to sit at the table.  He is not admitted, but will not be participating in the hearing.  His name is Samuel Deau, your Honor.

THE COURT:  Permission is granted.

MR. BONDI:  Thank you.

THE COURT:  Good morning, Mr. Ferguson.  I am Magistrate Judge Ricardo.  I understand we are here because you wish to enter a plea with respect to the charges alleged against you in an information.  How do you intend to plead today?

THE DEFENDANT:  Guilty.

THE COURT:  It will be a long morning so you don't need to stand up for everything.

THE DEFENDANT:  All right.

THE COURT:  Before we begin, I'm going to ask the

Q1S5ferP

courtroom deputy to swear in the defendant.  You can stand for this part.

(Defendant sworn)

THE COURT:  Mr. Ferguson, do you understand that any statements you make here today, under oath, may be used against you in a prosecution for perjury or for making a false statement?

THE DEFENDANT:  Yes.

THE COURT:  We have a court reporter here today, and if at any point I am speaking too quickly, please don't be shy about interrupting me.  I know it is very important that you transcribe the proceedings accurately.

First, I have before me a Consent to Proceed Before a United States Magistrate Judge on a Felony Plea Allocution that you have signed.  I have this form right here.  This form says that you know that you have the right to have your plea taken by a United States district judge but you are agreeing to have the plea taken by a United States magistrate judge.  As a magistrate judge, I have the authority to take your plea with your consent, and you will still be entitled to all of the same rights and protections as if you were before a district judge.  Among other things, you will be sentenced by a district judge.

Did you sign the Consent to Proceed Before a United States Magistrate Judge voluntarily?

THE DEFENDANT:  Yes.

Q1S5ferP

THE COURT:  Before you signed the form, did your lawyer explain it to you?

THE DEFENDANT:  Yes.

THE COURT:  Do you wish to proceed with your plea before a United States magistrate judge?

THE DEFENDANT:  Yes.

THE COURT:  Your consent is accepted and I am signing the form now.  I am giving it to my deputy so I don't lose it. Thank you.

The document that contains the charge to which you have indicated you want to plead guilty is called an information, and it was issued by the United States Attorney. Under the United States Constitution, you have a right to be charged by an indictment, which is issued by a grand jury instead of by an information like this.  If you give up your right to have the charges against you presented to the grand jury, the case will proceed against you based on the United States Attorney's information, just as if you had been indicted.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  I have a copy of a waiver of indictment form -- let me get that out here -- that you have signed.  Did you review this form with your attorney before you signed it?

THE DEFENDANT:  Yes.

Q1S5ferP

THE COURT:  Do you understand that by signing that form you are giving up your right to have your case presented to a grand jury and you are agreeing to permit the charges to be filed by the United States Attorney instead?

THE DEFENDANT:  Yes.

THE COURT:  Have you discussed with your attorney the advantages and disadvantages of waiving indictment?

THE DEFENDANT:  Yes.

THE COURT:  Have any threats or promises been made, other than the written plea agreement between you and the government, to get you to waive indictment?

THE DEFENDANT:  No.

THE COURT:  Do you wish to give up your right to be charged by a grand jury?

THE DEFENDANT:  Yes.

THE COURT:  Your waiver is accepted.

As an initial matter, I direct the prosecution to comply with its obligations under *Brady v. Maryland* and its progeny, to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment and known to the prosecution. Possible consequences for non-compliance may include dismissal of individual charges or the entire case, exclusion of evidence, and professional discipline or court sanctions on the attorneys responsible.

Q1S5ferP

I will be entering a written order more fully describing this obligation and the possible consequences of failing to meet it, and I direct the prosecution to review it and comply with that order.  That being said, I note that it is possible for defendant to give up the right to complain about *Brady* violations in a plea agreement.

Does the prosecution confirm that it understands its obligations and will fulfill them?

MR. CHIUCHIOLO:  Yes, your Honor.

THE COURT:  I am just making sure we have the written *Brady* order in here.  We do have it.

The purpose of this proceeding is to make sure that you understand your rights, to decide whether you are pleading guilty of your own free will, and to make sure you are pleading guilty because you are guilty and not for some other reason.  I am now going to ask you certain questions.  It is very important that you answer these questions honestly and completely.

MR. CHIUCHIOLO:  Your Honor, I apologize for interrupting and you may be getting to this.

THE COURT:  Yes.

MR. CHIUCHIOLO:  But, just to be clear, I think this is our initial appearance in court so I do think we need to do a Rule 5 initial appearance and arraignment.

THE COURT:  OK.  That's fine.  This was described to

Q1S5ferP

me as a plea but that's fine.  Happy to do so.

So, let me switch gears and proceed with what we do for an initial presentment.  So you are here because you have been arrested based on charges filed against you on an information.  The purpose of this proceeding is to inform you of certain rights that you have, to inform you of the charges against you, to consider whether counsel should be appointed for you, and to decide under what conditions, if any, you should be released pending trial.

Do we have the date and time of the arrest?

MR. CHIUCHIOLO:  Your Honor, the defendant surrendered -- self-surrendered this morning just before the plea.

THE COURT:  Are there any alleged victims of the crime to whom the government must give notice?

MR. CHIUCHIOLO:  There are no statutory victims, your Honor.

THE COURT:  All right.

So, you are here because you have been charged with certain crimes by an information.  I'm now going to explain certain constitutional rights that you have:

You have the right to remain silent.  You are not required to make any statements.  Even if you have already made statements to authorities, you do not need to make any further statements.  If you do make any statements, those statements

Q1S5ferP

can be used against you.

You have the right to be released, either conditionally or unconditionally pending trial, unless I find that there are no conditions that would reasonably assure your presence at future court experiences and the safety of the community.

If you are not a U.S. citizen, you have the right to request that a government attorney or law enforcement official notify a consular officer from your country of origin that you have been arrested.  In some cases, a treaty or other agreement may require the United States government to give that notice whether you request it or not.

You have the right to be represented by an attorney during all court proceedings, including this one, and during all questioning by the authorities.  You have the right to hire your own attorney, but if you cannot afford one I will appoint one today to represent you.

Do you understand your rights as I have just explained them?

THE DEFENDANT:  Yes.

THE COURT:  Is any appointment of counsel necessary or is counsel retained?

MR. BONDI:  Counsel is retained, your Honor.

THE COURT:  Thank you.

I will just provide a brief summary of the charging

Q1S5ferP

document.  I have an information that contains one count for falsification of books, records, and accounts, and it contains certain statutory allocations in the last paragraph.

Have you seen a copy of this information?

THE DEFENDANT:  Yes.

THE COURT:  Has your attorney reviewed the charges with you in advance of this proceeding?

THE DEFENDANT:  Yes.

THE COURT:  Let me ask counsel just to describe briefly how and where that review took place.

MR. BONDI:  Your Honor, we have reviewed it multiple times with Mr. Ferguson both by phone and in person.

THE COURT:  Thank you.

Would the defendant like the Court to read the information in full or does he waive a full public reading?

MR. BONDI:  We will waive, your Honor.

THE COURT:  Now, do we need to do an initial arraignment and change of plea?

MR. CHIUCHIOLO:  I think as long as the docket reflects that the defendant has been arraigned, I think that we are fine.

THE COURT:  Does defense counsel agree with that?

MR. BONDI:  We do, your Honor.

THE COURT:  Great.

Do I understand there are agreed-to conditions of

Q1S5ferP

release?  Should we deal with that at the very end?

MR. CHIUCHIOLO:  However your Honor prefers.

THE COURT:  Maybe we will do that at the very end. Just making sure there is nothing else we need to do for the initial appearance.

MR. CHIUCHIOLO:  Correct, your Honor.

THE COURT:  It seems like we are good so I will return to where we were with the plea.  Is that acceptable to the government?

MR. CHIUCHIOLO:  Yes, your Honor.  Apologies.

THE COURT:  To the defense?

MR. BONDI:  It is, your Honor.

THE COURT:  That's fine.

So, forgive me if I repeat myself, I will just go back to where I was.  I want to make sure I don't miss anything because, obviously, all of this is important.

The purpose of this proceeding is to make sure you understand your rights, decide whether you are pleading guilty of your own free will, and to make sure you are pleading guilty because you are guilty and not for some other reason.

I am now going to ask you certain questions.  It is very important that you answer these questions honestly and completely.  If you don't understand any of the questions or if you want, at any time, to consult with your lawyer, please say so, because it is important that you understand every question

Q1S5ferP

before you answer.

We will start with:  What is your full name?

THE DEFENDANT:  Christopher Ferguson.

THE COURT:  How old are you?

THE DEFENDANT:  57.

THE COURT:  Can you read and write -- is English your native language?

THE DEFENDANT:  Yes.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Graduated from law school.

THE COURT:  Are you currently or have you recently been under the care of a psychiatrist, psychologist, or other mental health provider for any reason?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized for mental illness?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized for alcoholism?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized for drug addiction?

THE DEFENDANT:  No.

THE COURT:  Do you have any condition that affects your ability to see or to hear?

Q1S5ferP

THE DEFENDANT:  No.

THE COURT:  Do you have any condition that affects your ability to think or to understand?

THE DEFENDANT:  No.

THE COURT:  Do you have any condition that affects your ability to make judgments or decisions on your own behalf?

THE DEFENDANT:  No.

THE COURT:  As you sit here today, are you under the influence of any mind-altering drug or alcohol?

THE DEFENDANT:  No.

THE COURT:  Do you feel all right today?

THE DEFENDANT:  Yes.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand what is happening in this proceeding?

THE DEFENDANT:  Yes.

THE COURT:  Have you seen a copy of the information that contains the charges against you?

THE DEFENDANT:  Yes.

THE COURT:  Have you read it?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand what it says you did?

THE DEFENDANT:  Yes.

THE COURT:  Have you had enough time to speak with

Q1S5ferP

your attorney about your case and how you wish to plead?

THE DEFENDANT:  Yes.

THE COURT:  Has your attorney explained to you the consequences of pleading guilty?

THE DEFENDANT:  Yes.

THE COURT:  Are you satisfied with your attorney's representation of you?

THE DEFENDANT:  Yes.

THE COURT:  Does either counsel have any objections or concerns about the defendant's competence to plead at this time?

MR. CHIUCHIOLO:  No, your Honor.

MR. BONDI:  No, your Honor.

THE COURT:  I want to ask you some questions that relate to potential immigration consequences of your plea.  Are you a citizen of the United States?

THE DEFENDANT:  Yes.

THE COURT:  What country were you born in?

THE DEFENDANT:  The United States.

THE COURT:  I am now going to explain certain constitutional rights that you have.  These are rights that you will be giving up if you enter a guilty plea.  Please listen carefully to what I am about to say, and if you do not understand something, please stop me, and your attorney or I will explain the issue more fully.

Q1S5ferP

Under the Constitution and laws of the United States you have a right to plead not guilty to the charges contained in this information.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And if you plead not guilty, you would be entitled, under the Constitution, to a speedy and public trial by a jury of those charges.  At that trial you would be presumed innocent, and the government would be required to prove you guilty beyond a reasonable doubt before you could be found guilty, and you could not be convicted unless a jury of 12 people agreed unanimously that you were guilty beyond a reasonable doubt.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  If you decided to go to trial, at that trial and at every stage of your case you would have the right to be represented by an attorney, and if you could not afford one, an attorney would be appointed to represent you at the government's expense.  Even if you retained private defense counsel, and if you ran out of money, an attorney would be appointed to continue to represent you.  You would be entitled to an attorney all the way through trial and not just for a guilty plea.  So, your decision to plead guilty should not depend on whether you can afford to hire an attorney.

Q1S5ferP

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  During a trial, the witnesses for the prosecution would have to come to court and testify in your presence where you could see and hear them and your lawyer could cross-examine those witnesses, and if you wanted, your lawyer could offer evidence on your behalf.  You would be able to use the Court's power to compel witnesses to come to court and testify in your defense, even if they did not want to come.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  At a trial, you would have the right to testify in your own defense if you wanted to, but you would also have the right not to testify.  And if you chose not to testify, that could not be used against you in any way.  No inference or suggestion of guilt could be permitted from the fact that you did not testify.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  If you were convicted at trial, you would have the right to appeal that verdict to a higher court.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  As I said before, you have the right to plead not guilty.  Even now you have the right to plead or to

Q1S5ferP

continue to plead not guilty and go to trial. But, if you do plead guilty and if the Court accepts your plea, you will be giving up the rights that I have described. If you do plead guilty there will be no trial. All that will remain to be done will be to impose a sentence. You and the government will have a chance to make arguments about what sentence you should get, but there will not be any further trial to determine whether you were guilty or not guilty of the charges to which you pled guilty.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Finally, if you do plead guilty, you are also giving up the right not to incriminate yourself and I will ask you questions about what you did in order to satisfy myself that you are actually guilty. By pleading guilty, you will be admitting your factual, as well as legal, guilt.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: I am now going to review the charge against you and the consequences of pleading guilty to it.

Count One of the information charges you with falsification of books, records, and accounts in violation of Title 15, United States Code, Sections 78m(b)(2), 78m(b)(5) and 78ff; Title 17 of Code of Federal Regulations Section 240.13B2-1; and Title 18, United States Code,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Q1S5ferP

Section 2.

I am going to ask the Assistant United States attorney to state the elements of this charge. The elements are the things that the government will have to prove beyond a reasonable doubt if you went to trial.

MR. CHIUCHIOLO: Yes, your Honor.

That crime has two elements: First, that the defendant willfully and knowingly falsified or caused to be false certain information; and second, that that information was contained in the books, records, and accounts of an issuer as that term is defined under Title 15.

THE COURT: Thank you.

How do you intend to plead to Count One of the information?

THE DEFENDANT: Guilty, your Honor.

THE COURT: With respect to the offense to which you are pleading, I want you to understand the maximum possible penalty that the Court may impose. The maximum means the most that could possibly be imposed. It does not mean that is what you necessarily would receive, but by pleading guilty you are exposing yourself to the possibility of receiving any combination of punishments up to that maximum that I am about to describe.

Do you understand that?

THE DEFENDANT: Yes.

Q1S5ferP

THE COURT:  The maximum term of imprisonment for pleading guilty to Count One of the information is 20 years. In addition, the maximum term of imprisonment could be followed by up to three years of supervised release.  Supervised release means that after you are released from prison, you may be subject to supervision by the Probation Department.  If you are placed on supervised release and thereafter violate any condition of that supervised release, the district judge can revoke the term of supervised release previously imposed and return you to prison without giving you any credit for the time previously served on post-release supervision.

In addition to these restrictions on your liberty, the maximum possible punishment also includes financial penalties. The maximum allowable fine is $5 million or twice the profits of the criminal activity or twice what someone other than yourself lost because of the criminal activity, whichever is greater.

In addition, the Court can require you to pay restitution to any victims of the crime in an amount that the Court decides is necessary to compensate them for any injuries.

Finally, the Court is required to impose on you a special assessment of $100.

You told me earlier that you are a citizen of the United States and were born here.  By law, I still must tell you that if, in fact, you are not a United States citizen, a

Q1S5ferP

guilty plea means you may be removed from the United States and denied admission to the United States or citizenship in the future no matter what your attorney or anyone else has told you.

Do you understand this?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand the charge against you and the consequences of pleading guilty?

THE DEFENDANT:  Yes.

THE COURT:  I understand there is a written plea agreement between you and the government.  I have a copy here that is unsigned.  Did you sign this plea agreement?

THE DEFENDANT:  Yes.

THE COURT:  Did you read the agreement before you signed it?

THE DEFENDANT:  Yes.

THE COURT:  The government is handing to me what I believe is a signed copy.  Yes.  I now have before me a signed copy of the plea agreement.  We were talking over each other so forgive me if I ask you questions twice.

First, did you sign this agreement?

THE DEFENDANT:  Yes.

THE COURT:  Did you read the agreement before you signed it?

THE DEFENDANT:  Yes.

Q1S5ferP

THE COURT:  Did you discuss it with your attorney before you signed it?

THE DEFENDANT:  Yes.

THE COURT:  Did your attorney explain to you all of its terms and conditions?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand its terms?

THE DEFENDANT:  Yes.

THE COURT:  The letter says that you and the government have reached agreement regarding the appropriate calculation of your sentence under a part of our law known as the Sentencing Guidelines, and that the appropriate guideline sentence range is from zero to six months.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Under this agreement, neither you nor the government is allowed to argue to the sentencing judge for a calculation that is different from the one in this agreement. However, the sentencing judge is not bound by the calculation in the letter and it is free to perform his or her own calculation which may result in a sentencing range that differs from the one in this letter.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  The sentencing range is just one of many

Q1S5ferP

factors the judge will consider in determining your sentence, and the judge has discretion to give you a prison sentence below or above the range, anywhere up to the maximum I told you about earlier.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  As long as the sentencing judge sentences you to a prison term of no longer than six months, you are giving up your right to challenge your sentence, whether by direct appeal, writ of habeas corpus, or otherwise.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  By pleading guilty you also will not be able to appeal any fine and the stipulated range of the fine is $1,000 to $5 million.

You will also be giving up the right to challenge any lawful sentence of supervised release or any restitution as set forth in the agreement.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Under the terms of this plea agreement, even if you later learn that the government withheld from your counsel certain information that would have been helpful to you in defending yourself at trial, you will not be able to complain about that or withdraw your guilty plea on that basis.

Q1S5ferP

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Is there any other provision of the plea agreement that counsel wish for me to review with defendant?

MR. CHIUCHIOLO:  No, your Honor.

MR. BONDI:  No, your Honor.

THE COURT:  Apart from what is contained in this letter agreement, have any promises been made to you in order to get you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone threatened you, forced, or coerced you in any way, either directly or indirectly, to get you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Now that you have been advised of the charges against you, the possible penalties you face, and the rights you are giving up, is it still your intention to plead guilty to Count One of the information?

THE DEFENDANT:  Yes.

THE COURT:  Is your plea voluntary and made of your own will?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Ferguson, with respect to Count One of the information, how do you plead; guilty or not guilty?

THE DEFENDANT:  Guilty.

Q1S5ferP

THE COURT:  Tell me in your own words what you did that makes you guilty of the crime charged in the information. And, it is permissible if you have prepared something ahead of time and wish to read that.

THE DEFENDANT:  As described in the information, in May 2020, I willfully and knowingly falsified or caused to be falsified a book, record, and account of Edison Nation.  I have caused to be falsified a spreadsheet of Edison Nation purchase orders that falsely listed a purchase order as received on April 13, 2020, when it was actually received at a later date.

THE COURT:  Do we need an allocation as to whether Edison is an issuer?

MR. CHIUCHIOLO:  Your Honor, I don't think there is a dispute, but at the time, Edison Nation was publicly traded on the Nasdaq.

THE COURT:  Is there any dispute about that?

MR. BONDI:  No, your Honor; we agree.

THE COURT:  Did you know at the time you did these acts that what you were doing was wrong and against the law?

THE DEFENDANT:  Yes.

THE COURT:  Let me ask the government, are there any additional questions that you would like me to ask the defendant?

MR. CHIUCHIOLO:  No, your Honor.

THE COURT:  Do you believe there is a sufficient

Q1S5ferP

basis -- forgive me.

Do you believe there is a sufficient factual predicate for a guilty plea?

MR. CHIUCHIOLO:  Yes, your Honor.

THE COURT:  Does the government represent that it has sufficient evidence to establish guilt beyond a reasonable doubt at trial?

MR. CHIUCHIOLO:  Yes, your Honor.

THE COURT:  Would you like to make a proffer?

MR. CHIUCHIOLO:  Your Honor, at a high level, the evidence that the government would present at trial would include e-mails, text messages, records obtained from FINRA, books and records of Edison Nation, and witness testimony.

THE COURT:  Let me ask counsel for the defendant, are there any additional questions you would like me to ask the defendant?

MR. BONDI:  No, your Honor.

THE COURT:  Do you believe there is a sufficient factual predicate for a guilty plea.

MR. BONDI:  Yes, your Honor.

THE COURT:  Let me ask the government, what is the basis for venue in the Southern District of New York?

MR. CHIUCHIOLO:  Your Honor, the press release that is described in the information, I think paragraph 6, was issued and transmitted from the Southern District of New York and, as

Q1S5ferP

I mentioned, the company was publicly traded on Nasdaq, which is located here in Manhattan.

THE COURT:  Let me ask the defense counsel, do you dispute venue?

MR. BONDI:  We do not.

THE COURT:  Mr. Ferguson, on the basis of your responses to my questions and my observations of your demeanor, I find that you are competent to enter an informed guilty plea and that there is a factual basis for it.  I am satisfied that you understand your rights, that you are aware of the consequences of your plea including the sentence that may be imposed, that you are voluntarily pleading guilty, and that you have admitted that you are guilty as charged in Count One of the information.  For these reasons, I recommend that the district judge accept your plea.

Will the government order a copy of the transcript and submit it, together with any additional paperwork, so the district judge can act on my recommendation?

MR. CHIUCHIOLO:  Yes, your Honor.

THE COURT:  Has the district judge set a sentencing date?

MR. CHIUCHIOLO:  Not yet, your Honor.

THE COURT:  I will set a control date for 90 days.  Do we have what that is?

(The Court and Deputy confer)

Q1S5ferP

THE COURT:  May 4.  OK.  It will be May 4, 2026.

I direct that the presentence report be prepared.

Let me ask the government, will you deliver the case summary, for purposes of the presentence report, to the Probation Department within 14 days?

MR. CHIUCHIOLO:  Yes, your Honor.

THE COURT:  Let me ask the defense counsel, will you be available to be interviewed by the Probation Department with your client within 14 days?

MR. BONDI:  Yes, your Honor.

THE COURT:  Let me next turn to detention or release pending sentencing.  I am told that there is an agreement but why don't I hear from the government and from the defendant on that.

MR. CHIUCHIOLO:  Yes, your Honor.

The parties have conferred and have a proposed bail package for the Court's consideration.  The bail package mirrors the --

THE COURT:  Give me a minute.  I think I had it filled out on the disposition sheet.  So, go ahead.

MR. CHIUCHIOLO:  The bail package, your Honor, mirrors the recommendation of the Pretrial Services with one difference.  Pretrial had recommended two FRP co-signers. Given that the defendant has, I think, known about this investigation for several years now, voluntarily appeared this

Q1S5ferP

morning and surrendered, and given the guidelines range here, the government would respectfully submit that one co-signer is sufficient to ensure the defendant's appearance and the safety of the community.  Otherwise, that bail package mirrors the recommendation of Pretrial Services; so a $200,000 bond to be co-signed by one financially responsible person.  That condition can be satisfied within two weeks, so the defendant can be released on his own signature today.  Pretrial Services supervision, as directed.  Surrender all travel documents and make no new applications.  I understand the defendant has his passport with him.  Travel restricted to the continental United States.  And, refrain from possessing a firearm or destructive device.

THE COURT:  I will just sum up what I have written down on the disposition sheet.  I think it is exactly what you said but I will read it to everybody and read it into the record just so that there is no confusion.

I have down that the defendant is released on his own recognizance.  There will be a $200,000 bond co-signed by one financially responsible party.  Travel is restricted to the continental United States.  The defendant will surrender travel documents and not make new applications.  There will be pretrial supervision as directed by Pretrial Services.  The defendant is not to possess firearms, destructive devices, or other weapons, and he needs two weeks to identify the

Q1S5ferP

financially responsible co-signer.

Is that right?

MR. CHIUCHIOLO:  Yes, your Honor.

MR. BONDI:  Yes, your Honor.

THE COURT:  So, I will accept those conditions and enter a disposition sheet containing them.

I want to advise you, I want to advise the defendant that you are required to appear for sentencing on the date set by the Court, or if the date is adjourned, on whatever date your lawyer tells you.  Failure to appear in court is a crime, the crime of bail jumping, for which you can be prosecuted and sentenced to a term of imprisonment.  Or, moreover, if you violate any condition of your release, a warrant for your arrest may be issued and that would be to the revocation of your bail with forfeiture of the bond that is being executed on your behalf, as well as your being detained, and you could also be prosecuted for contempt of court.

Also, if you commit any crime while you are released on bail, you may receive a more severe punishment than you would get for committing the same crime at any other time.  And of course, if you commit a crime or violate a plea agreement with the government in any way, you will be subject to revocation by the government in your plea agreement with all the consequences described in the agreement.

Is there anything further on this matter from either

Q1S5ferP

side?

          MR. CHIUCHIOLO:  No, your Honor.  Thank you.

          MR. BONDI:  No, your Honor.  Thank you.

          THE COURT:  We are adjourned.  Thank you very much.

                              o0o